IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANK O. MCGILL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 2:13-1309 |
| | ) |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | ) |
| | ) |
| Defendant. | ) |

AMBROSE, Senior District Judge

# OPINION
## and
# ORDER OF COURT

## SYNOPSIS

Pending before the Court are Cross-Motions for Summary Judgment. (Docket Nos. 9 and 11). Both parties have filed Briefs in Support of their Motions. (Docket Nos. 10 and 12). Plaintiff also filed a Reply Brief. (Docket No. 13). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, Defendant's Motion (Docket No. 11) is granted and Plaintiff's Motion (Docket No. 9) is denied.

## I. BACKGROUND

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act (the "Act"), 42 U.S.C. §§ 401-433. Plaintiff protectively filed an application for DIB on or about July 15, 2010. (R. 11, 162-66, 204). In his application, he alleged that since December 15, 2008, he had been disabled due to stroke and psychosis. (R. 162-66, 204). Administrative Law Judge ("ALJ") David F. Brash held a hearing on

November 18, 2011, at which Plaintiff was represented by counsel. (R. 34-78). Plaintiff appeared at the hearing and testified on his own behalf. Id. A vocational expert also was present at the hearing and testified. Id. In a decision dated February 3, 2012 (R. 11-29), the ALJ found that no jobs existed in significant numbers in the national economy that Plaintiff could perform. (R. 21-22). The ALJ further found, however, that Plaintiff's substance abuse disorder was a contributing factor material to the determination of disability because Plaintiff would not be disabled if he stopped the substance use. (R. 23-29). Because the substance use disorder was a contributing factor material to the determination of disability, Plaintiff was not disabled under the Act. (R. 28). Plaintiff requested review of the ALJ's determination by the Appeals Council, and, on July 19, 2013, the Appeals Council denied Plaintiff's request for review. (R. 1-4). Having exhausted all of his administrative remedies, Plaintiff filed this action.

The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 9 and 11). The issues are now ripe for my review.

## II.  LEGAL ANALYSIS

### A.  STANDARD OF REVIEW

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. Allen v. Bowen, 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Determining whether substantial evidence exists is "not merely a quantitative exercise." Gilliland v. Heckler, 786 F.2d 178, 183 (3d Cir. 1986) (citing Kent v. Schweiker, 710 F.2d 110, 114 (3d Cir. 1983)). "A single piece of evidence will not satisfy the substantiality test if the secretary ignores, or fails to resolve, a conflict created by countervailing evidence. Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by

2

treating physicians)." Id. The Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g); Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. Palmer v. Apfel, 995 F. Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, the district court must review the record as a whole. See 5 U.S.C. § 706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. § 1382(a)(3)(A); Brewster v. Heckler, 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. § 404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R. pt. 404, subpt. P, app. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. § 404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to her previous employment (steps 1-4). Dobrowolsky, 606

3

F.2d at 406.  Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5).  Id.

A district court, after reviewing the entire record, may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing.  Podedworny v. Harris, 745 F.2d 210, 221 (3d Cir. 1984).

**B.    WHETHER SUBSTANTIAL EVIDENCE SUPPORTS THE ALJ'S DECISION THAT PLAINTIFF IS NOT ENTITLED TO DISABILITY BENEFITS**

Plaintiff challenges the ALJ's determination that alcohol use materially contributed to his disabling condition.  Pl.'s Br. [ECF No. 10] at 12-21.  On March 29, 1996, Congress passed the Contract with America Advancement Act of 1996 which, in part, amended the SSA to preclude recovery of benefits by a person whose alcoholism or drug addiction contributes to his or her disabling condition.  See Pub. L. No. 104-121, §§ 105(a)(1), (b)(1), 110 Stat. 847, 852-53 (1996) (codified as amended at 42 U.S.C. § 423(d)(2)(C) (1998)); see also Torres v. Chater, 125 F.3d 166, 169 (3d Cir. 1997).  The amendment provides that "an individual shall not be considered to be disabled . . . if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the determination that the individual is disabled."  42 U.S.C. § 423(d)(2)(C).  The "key factor" that the ALJ should use in determining whether alcoholism is a contributing factor material to the determination of a disability is whether Plaintiff would still be found disabled if he stopped drinking alcohol.  20 C.F.R. § 404.1535.

In making this determination, the ALJ should evaluate which of Plaintiff's current physical and mental limitations, upon which the current disability determination is based, would remain if Plaintiff stopped using alcohol.  Id.  Then, the ALJ should determine whether any or all of Plaintiff's remaining limitations would be disabling.  Id.  If the ALJ determines that Plaintiff's

4

remaining limitations would not be disabling, then the ALJ should find that the alcoholism is a contributing factor material to the determination of disability.  Id.  If the ALJ determines that Plaintiff's remaining limitations are disabling, then Plaintiff is disabled independent of the alcoholism, and the ALJ should find that the alcoholism is not a contributing factor material to the determination of disability.  Id.  As recently explained in Social Security Ruling 13-2p, the longstanding policy is that the claimant continues to have the burden of proving disability throughout the DAA materiality analysis.  S.S.R. 13-2p, 2013 WL 621536, at *4.  A finding about materiality is an opinion on an issue reserved to the Commissioner under 20 C.F.R. § 404.1527(e).  Id. at *8 n.19.

Here, the ALJ found that Plaintiff has "depressive disorder, anxiety disorder, schizophrenia, alcohol induced psychosis, and alcohol dependence" that are severe impairments within the meaning of the regulations.  (R. 14).  The ALJ further found that "[c]onsidering [Plaintiff's] age, education, work experience, and residual functional capacity based on all of the impairments, including the substance use disorder, there are no jobs that exist in significant numbers in the national economy that [Plaintiff] can perform."  (R. 22).  The ALJ ultimately concluded, however, that if Plaintiff stopped the substance use, considering his age, education, work experience, and RFC, "there would be a significant number of jobs in the national economy that [he] could perform."  (R. 28).  Because Plaintiff's substance use disorder was "a contributing factor material to the determination of disability," the ALJ found that he was not disabled within the meaning of the Act.  (R. 28-29).

Plaintiff argues that the ALJ impermissibly speculated that the assessments of Plaintiff's treating sources were of disabling severity because of Plaintiff's alcohol usage and not his underlying mental health issues.  Pl.'s Br. [ECF No. 10] at 12.  Plaintiff contends that none of Plaintiff's treating sources opined on this issue and that the ALJ further improperly speculated that

5

Plaintiff continued to abuse alcohol throughout the claimed period of disability.  Id. at 14-15.  I disagree.  After careful review of the record, there is substantial evidence to support the ALJ's finding that Plaintiff's limitations absent his alcohol abuse are not disabling.

As an initial matter, after considering all of Plaintiff's impairments including the substance use disorder, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, but with a number of nonexertional limitations.  Plaintiff also would be off-task no less than twenty-five percent of each work day, in addition to regularly scheduled breaks; or, in the alternative, would be absent at least one full day per workweek.  (R. 16).[1]  The ALJ found that if Plaintiff stopped the substance use, he would have a similar RFC except that he no longer would be off-task no less than twenty-five percent of each work day, in addition to regularly scheduled breaks; or, in the alternative, no longer would be absent at least one full day per workweek.  (R. 24).  The ALJ appeared particularly concerned with the fact that Plaintiff required inpatient treatment on multiple occasions related to his alcohol use.  See R. 16-17 (citing records of at least four inpatient hospitalizations involving alcohol use prior to August 2010); see also Friend v. Astrue, 788 F. Supp. 2d 365, 370-71 (E.D. Pa. 2011) (ALJ properly inferred that Plaintiff with mental health impairments would not be subject to repeated episodes of decompensation in the form of multiple hospitalizations absent his alcohol abuse).  Here, there is no evidence that Plaintiff's mental health impairments would have required hospitalization absent his concurrent alcohol abuse.

---

[1] Specifically, the ALJ found that Plaintiff had the residual functional capacity to perform a full range of work at all exertional levels, but with the following nonexertional limitations: he must avoid even moderate exposure to unprotected heights, dangerous machinery, and like hazards; he is limited to understanding, remembering and carrying out simple instructions and performing simple, routine tasks; he is limited to no work related interaction with co-workers and the public, with only occasional supervision, such that his work would be essentially isolated; he is limited to a low stress work environment, which means no production rate pace work, but, rather, goal-oriented work with only occasional and routine change in work setting.  He would be off-task no less than twenty-five percent of each work day, in addition to regularly scheduled breaks; or, in the alternative, would be absent at least one full day per workweek.  (R. 16).

In addition, the ALJ stated that although he disagreed that Plaintiff had any *extended* periods of sobriety, the medical records indicated that Plaintiff showed improvement during his multiple hospitalizations after receiving treatment. See R. 26 (citing hospital records at Exs. 1F, 2F, 4F, and 5F). The ALJ further noted that during a March 2010 hospitalization, Plaintiff admitted that binge drinking triggered his hearing voices. Id. (citing Ex. 4F). The ALJ also pointed out that after a brief period of sobriety between July 2010 and August 2010, Plaintiff was noted to look very good and was very lucid, answered questions appropriately and acted appropriately. Id. (citing Ex. 7F). In addition to the hospital records, the ALJ gave great weight to the opinion of physician Martin Meyer, Ph.D., who examined Plaintiff on November 16, 2010. (R. 19-20, 26, 459-466). Among other things, Dr. Meyer diagnosed Plaintiff with "alcohol induced psychotic disorder," indicating that Plaintiff's auditory and visual hallucinations were induced by his alcohol use. See R. 26 (citing Ex. 8F). Dr. Meyer also noted that Plaintiff would be less anxious if he were to abstain from alcohol. See id. Moreover, the ALJ found that Plaintiff's self-reported activities of daily living and instances of non-compliance with treatment diminished his credibility with respect to the degree of his subjective complaints. See R. 26-27 (describing Plaintiff's activities of daily living and noting Plaintiff's discharge from treatment for failure to attend appointments in August 2010).

Plaintiff argues that the ALJ failed to give appropriate weight to Plaintiff's treating mental health physician, Dr. Patel. This argument is without merit. The amount of weight accorded to medical opinions is well-established. Generally, the opinions of a claimant's treating physicians are entitled to substantial and, at times, even controlling weight. 20 C.F.R. §§ 404.927, 416.927(c)(1). To be entitled to controlling weight, however, the treating physician's opinion must be well supported by medical techniques and consistent with the other substantial evidence of record. See Fargnoli v. Massanari, 247 F.3d 34, 43 (3d Cir. 2001). To determine the weight

of a treating physician's opinion, the ALJ may consider a number of factors, including consistency, length of treatment, corroborating evidence, and supportability. 20 C.F.R. §§ 404.927.

Here, the ALJ explained in detail his reasons for declining to give great weight to Dr. Patel's opinion. Dr. Patel only began treating Plaintiff on or about September 29, 2010. R. 502-510, 554-562 (Exs. 13F, 18F, 19F). In May, 2011, Dr. Patel completed two "check box" forms indicating that Plaintiff met the requirements for Listings 12.04 (Affective Disorders) and 12.06 (Anxiety-Related Disorders). (R. 507-510, Ex. 13F). As the ALJ correctly observed, Dr. Patel merely checked boxes on these forms without providing any significant explanation or rationale. (R. 27). As the Court of Appeals for the Third Circuit has recognized, "checkbox" reports such as those at issue in this case are inherently suspect and are "weak evidence at best." See Mason v. Shalala, 994 F.2d 1058, 1065 (3d Cir. 1993); Grogan v. Comm'r of Social Security, 459 F. App'x 132, 138 n.7 (3d Cir. 2012). Moreover, as the ALJ adequately explained, the checkbox opinions here are inconsistent with the other substantial evidence of record, including Plaintiff's activities of daily living and Dr. Patel's own treatment notes. The ALJ also appropriately observed that Plaintiff failed to disclose his significant history of alcohol abuse to Dr. Patel. (R. 27). Specifically, when asked about his alcohol history upon commencing treatment with Dr. Patel in September 2010, Plaintiff reported only "seldom" alcohol use resulting in one public drunkenness arrest. (R. 560-561, Ex. 19F). There is no mention of Plaintiff's prior alcohol-related diagnoses or his multiple alcohol-related hospitalizations.[2] For this additional reason, Dr. Patel's opinions as evidence of Plaintiff's condition while sober are not entitled to great weight.

---

[2] The form reflects that when asked about past inpatient treatment, Plaintiff disclosed only his stay at SRHS in June 2010 and "one other hospitalization, doesn't remember when or why." (R. 560). When asked about prior hospitalizations, Plaintiff only mentioned that he had a "stroke a few months ago." Id. Neither of these entries mentions alcohol use or his prior alcohol-related diagnoses.

8

Plaintiff also challenges the ALJ's conclusions regarding Plaintiff's credibility; in particular, the ALJ's decision to give little weight to Plaintiff's allegations that he had been sober for over a year prior to the hearing. (R. 25-27). These arguments are unpersuasive. It is well-established that the ALJ is charged with the responsibility of determining a claimant's credibility. See Smith v. Califano, 637 F.2d 968, 972 (3d Cir. 1981); Baerga v. Richardson, 500 F.2d 309, 312 (3d Cir. 1974). In determining the credibility of an individual's statements, the ALJ must consider "the entire case record." SSR 96-7p. The ALJ's decision "must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reason for that weight." Id. Inconsistencies in a claimant's testimony or daily activities permit an ALJ to conclude that some or all of the claimant's testimony about his limitations or symptoms is less than fully credible. See Burns v. Barnhart, 312 F.3d 113, 129–30 (3d Cir. 2002). Generally, the ALJ is given great discretion in making credibility determinations, and I must defer to such findings unless they are not supported by substantial evidence. Baerga, 500 F.2d at 312.

After my own review of the record, I find that the ALJ followed the proper method to determine the Plaintiff's credibility. As laid out in his decision, the ALJ considered the factors set forth above. (ECF No. 8-2, at 24-27). With respect to Plaintiff's allegations of sobriety, the ALJ properly noted numerous inconsistent statements in the record. Id. at 25-27. For example, although Plaintiff contended that he stopped alcohol use in September 2010, he reported during an emergency room visit in August 2011 that he currently engaged in social use of alcohol. R. 25 (citing R. 513, Ex. 14F). During his July 2010 inpatient stay, he told Dr. Joseph he used alcohol only occasionally, but told the nurse practitioner during the same visit that he drank daily and heavily. Id. (citing R. 404, 422, Ex. 5F). The ALJ also pointed out that while Plaintiff testified at

9

the hearing that he did not renew his driver's license because he could not afford insurance, the medical records reflect that Plaintiff's license was revoked after a DUI. Id. at 26; see also R. 64-65 (hearing testimony), 460 (discussing DUI). The ALJ further discussed the fact that Plaintiff's complaints were contradicted by his daily activities. (ECF No. 8-2, at 26-27). For these and all of the reasons explained in the ALJ's decision, I find that the ALJ properly evaluated Plaintiff's credibility and that, based on the entire record as a whole, there is substantial evidence to support the ALJ's conclusion.[3] Therefore, I find no error in this regard.

As this Court has emphasized, the question is not whether a plaintiff's disability disappears when alcohol use is removed from the picture; but, rather, whether given the severity of the remaining limitations as shown by the medical and other evidence of record, the plaintiff is capable of performing substantial gainful activity available in the economy. See Davis v. Astrue, 830 F. Supp. 2d 31, 48-49 (W.D. Pa. 2011). Here, I find that substantial evidence in the form of medical reports, testimony, and other documentation, supports the ALJ's conclusion that absent the use of alcohol, Plaintiff would be able to perform jobs available in the economy that accommodated his depressive disorder, anxiety disorder, schizophrenia, and other remaining impairments. See, e.g., Davis, 830 F. Supp. 2d at 48-49; McGill v. Comm'r, 288 F. App'x 50, 53 (3d Cir. 2008). Accordingly, Plaintiff's request for reversal or remand of this case is denied.

### III. CONCLUSION

For all of the foregoing reasons, Defendant's Motion for Summary Judgment is granted and Plaintiff's Motion for Summary Judgment is denied. An appropriate Order follows.

---

[3] Plaintiff also contends that the ALJ improperly discredited the opinion of Plaintiff's caseworker, Steven Garret, a non-medical source. Pl.'s Br. [ECF No. 10] at 14. Contrary to Plaintiff's assertions, the ALJ did not discredit Mr. Garret's opinions. Rather, as set forth above, he discredited Plaintiff's representations to Mr. Garret that he was sober during the period in question. R. 21 (citing Ex. 15F). The ALJ further credits Mr. Garret's representation that Plaintiff's mental health improved tremendously in 2011 with treatment, further indicating non-disability during that timeframe. R. 26 (citing Ex. 15F).

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FRANK O. MCGILL,

    Plaintiff,

    vs.

COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,

    Defendant.

Civil Action No. 2:13-1309

AMBROSE, Senior District Judge

## ORDER OF COURT

AND NOW, this 8th day of July, 2014, after careful consideration of the submissions of the parties and for the reasons set forth in the Opinion accompanying this Order, it is ordered that Defendant's Motion for Summary Judgment (Docket No. 11) is GRANTED, and Plaintiff's Motion for Summary Judgment (Docket No. 9) is DENIED.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
U.S. Senior District Judge